UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Mary P. Thomas,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Civil Action No. 08-0042(RMU) ) |
| **Ed Schafer,** | ) ECF |
| Secretary, U.S. Department of Agriculture, | ) ) |
| **Defendant.** | ) ) ) |

## DEFENDANT'S ANSWER

Defendant,[1] through his undersigned attorneys, hereby answers and otherwise responds to Plaintiff's Complaint in paragraphs corresponding to the paragraphs of the Complaint, as follows:

### Introduction

1. This paragraph consists of Plaintiff's statement of the nature of her claim to which no response is required.

### Jurisdiction

2. This paragraph consists of Plaintiff's statement of jurisdiction to which no response is required. To the extent a response is required, Defendant states that he is not contesting jurisdiction at this time. Defendant denies that Plaintiff has exhausted her administrative remedies in regards to her formal complaint filed in November 2004, (Agency Case No. NRCS-2004-01688). Defendant admits that Plaintiff has exhausted her administrative

---

[1] The Honorable Ed Schafer became Secretary of Agriculture on January 28, 2008. He has been substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25 (d).

remedies by filing administrative charges of discrimination more than 180 days before filing this action, as to her discrimination claim based on race, color and reprisal that on August 2, 2005, her duties were removed and on October 2005, that she was reassigned, (Agency Case No. NRCS-2006-00036).

Defendant admits that Plaintiff has exhausted her administrative remedies by filing administrative charges of discrimination more than 180 days before filing this action as to her discrimination claim based on race, sex and reprisal that on March 28, 2006, she was not selected for the Chief Information Officer position, NRCS-ES-301, located in Washington D.C. (Agency Case No. NRCS-2006-01882). Defendant admits that a final agency decision has not been issued as of this date.

## Venue

3. This paragraph is a statement of venue to which no response is required. To the extent a response may be required, Defendant states that he is not contesting venue at this time, but denies all other allegations contained in the paragraph.

## Parties

4. Admit that Plaintiff is an African-American citizen of the United States and of the State of Maryland. Defendant avers that Plaintiff began her Federal Government career on February 13, 1973.

5. Deny first sentence and avers that Ed Schafer is now the Secretary of Agriculture. Admit second sentence.

## Statement of Facts

6. Defendant admits that Plaintiff is an African American female who has worked at the USDA for more than twenty-five 25 years. Defendant denies that Plaintiff is a Management

Analyst, but asserts that Plaintiff is a Program Analyst, GS-15 in the Strategic Planning & Accountability, Operations management & Oversight Division of the Natural Resources Conservation Service.

 7. Defendant admits from 1999 through August 2005, plaintiff worked as the Director of Information Technology and Chief Information Officer. Defendant denies all other allegations contained in this paragraph.

 8. Defendant is without sufficient knowledge or information to admit or deny.

 9. Defendant denies the first sentence. Defendant admits that on November 5, 2004 plaintiff filed a formal EEO complaint (Agency Case No. NRCS-2004-01688) based on the following issues:

> Whether the Agency discriminated against Plaintiff on the basis of her race (African-American), age (DOB: 01/03/1954), sex (female), and reprisal (unknown) when:

1. since 1987, she had been denied promotion to a Senior Executive Service ("SES") level position;

2. in June 1994, Plaintiff was not given, even temporarily, a SES position or an increase in pay to the SES level when she was appointed as an Acting Associate Deputy Chief to Sherman Lewis, Deputy Chief for Management;

3. in 1995, Plaintiff was denied a SES level position of IRM Leader when the job posting was cancelled, and Mr. Bill Gardner was non-competitively given the SES IRM Leader position;

4. in July 1995, Plaintiff applied and was selected for a GS-15 IT Director position in which she had to report to Mr. Gardner;

5. in October 1996, Mr. Tom Weber, the new Deputy Chief for Management, reassigned Complainant from the IT Director position to the head of the Special Projects Division where Mr. Thomas Christenson (race: unknown, male) became the new IT Director;

6. denied access to participate in the USDA SES Candidate Development Program, despite repeatedly having applied for the program; and

7. since January 1999, and over a five (5) year period, Plaintiff was appointed as the acting CIO and Division Director of the IT Division as a GS-15, and had never been promoted to a SES position.

10. Defendant denies that it refused to investigate Plaintiff's claim. Defendant avers that its Office of Civil Rights did not accept the above mentioned EEO complaint of discrimination for investigation in paragraph 9. Defendant avers that the delay was due to the fact that its Employment Complaints Division had planned to dismiss the complaint due to the untimeliness of Plaintiff's claims. Defendant admits that Plaintiff requested an administrative EEOC hearing prior to Defendant mailing the dismissal letter, but is without knowledge as to whether such occurred on May 17, 2005. Defendant never issued a dismissal letter, nor accepted the complaint investigation.

11. Defendant avers that effective August 6, 2005, it removed Plaintiff's duties as Chief Information Officer. Defendant avers that effective October 2, 2005, it reassigned Plaintiff to a Program Analyst, GS-0343-15 position on the Natural Resources Issues Staff. Defendant denies that it "stripped" Plaintiff of her responsibilities. Defendant denies that it demoted Plaintiff from her executive position. Defendant admits that Plaintiff's Program Analyst position did not possess any supervisory responsibilities. Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the remaining allegations contained in this paragraph; therefore, Defendant denies the remaining allegations in paragraph 11.

12. Defendant denies that in or around October 2005, Plaintiff applied for a CIO position at the SES level. Defendant avers that Plaintiff submitted her application for a Chief Information Officer, ES-301, position on November 25, 2005. Defendant admits that Plaintiff made the Best Qualified list along with eleven (11) other candidates. Defendant denies that Plaintiff was not interviewed because she is a black female who has complained of

discrimination against the selecting official. Defendant denies that the selectee for the position was less qualified than Plaintiff. Defendant admits that the selectee had a lower ranking score than Plaintiff. Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations that the selectee had no prior EEO activity and that Plaintiff had filed two (2) EEO complaints against Under Secretary Bruce I. Knight; therefore, Defendant neither admits nor denies the remaining allegations in this paragraph.

[The complaint contains no paragraph 13.]

## Statement of Claims

14. Deny and reassert defendant's responses to paragraph 6-12..

15. Plaintiff's statement of claims requires no response, but to the extent a response is deemed required, Defendant denies that Plaintiff has suffered and continues to suffer severe curtailment of her career opportunities, loss of pay, personal and professional humiliation, and emotional pain and suffering.

## Prayer for Relief

16. Plaintiff's request for relief requires no response, but to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any relief would be subject to and limited by 42 U.S.C. § 1981a and 42 U.S.C. §2000e-5(g)(e)(B).

## Jury Demand

Defendant denies that Plaintiff is entitled to a jury trial except as to those claims that may be properly asserted under Title VII.

The Defendant generally denies each and every allegation contained in the Complaint not specifically admitted modified or denied herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted because plaintiff failed to exhaust her administrative remedies.  Plaintiff failed to contact an equal Employment Opportunity counselor within forty five days (45) days of some of the alleged discriminatory acts pursuant to 29 C.F.R. § 1614.105 (a) (1).

### Second Affirmative Defense

Defendant reserves the right to assert any other defenses.

WHEREFORE, having fully answered, Defendant respectfully requests that the court enter judgment in his favor, dismiss the complaint with prejudice, and grant him such other relief as may be proper.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
Raymond A. Martinez TX.. BAR # 13144015
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
 202) 514-9150
(202) 514-8780 (facsimile)

Of Counsel:
Brandi A. Cain, Esq.
Agency Counsel

## Certificate of Service

I hereby certify that on this 11th day of March I caused the foregoing Answer to Complaint be served on Plaintiff's, Counsel, via first class mail, postage prepaid addressed as follows:

Richard L Swick
Swick & Shapiro, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
Tel (202)842-0300
Fax 202-842-1418
rlswick@swickandshapiro.com

                                        Raymond A. Martinez
                              __/s/_____
                                        Raymond A. Martinez
                                        Special Assistant United States Attorney
                                        555 4th Street, NW
                                        Washington, DC 20530
                                        (202) 514-9150